IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES            )
                         ) CR 13-135
                         )
    v.

CHARLES HOWARD III

**MEMORANDUM ORDER**

On June 11, 2014, Defendant pleaded guilty to violations of 18 U.S.C. §§922 (g)(1), 924 (e) and 21 U.S.C. § 841.  On December 3, 2013, Judge Cohill sentenced him to concurrent terms of imprisonment of 180 months, at this docket and at W.D. Pa. CR 14-149. Per the Bureau of Prisons inmate locator, Defendant is presently housed at Pollock USP, and his projected release date is May 19, 2026.  Defendant has filed a pro se Motion seeking compassionate release pursuant to 18 U.S.C. § 3582.  The Federal Public Defender's office declined to supplement Defendant's Motion.  For the following reasons, Defendant's Motion will be denied.

**OPINION**

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1]  According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C)). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

1

medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)). In assessing a claim based on health conditions, a court should rely on medical evidence rather than supposition. Cf. United States v. Peterson-Siler, No. 2:15-00118, 2020 U.S. Dist. LEXIS 158001, at *15 (W.D. Wash. Aug. 31, 2020).

To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020). Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020). Likewise, generalized COVID-19-related risks that apply to all inmates are insufficient to warrant relief. See United States v. Freed, No. 11-00132, 2020 U.S. Dist. LEXIS 170971, at *16 (W.D. Pa. Sep. 18, 2020).

Defendant's Motion sets forth a variety of concerns about the conditions and situation at Pollock USP, and generalized COVID-19 risks. These concerns, however valid, are not sufficient to warrant relief in this context.[2] In addition, Defendant asserts that COVID-19-related restrictions are preventing him from receiving urgent medical care for histoplasmosis, an eye condition. The medical records attached to his Motion, however, do not support this contention. Instead, those records reflect health care providers' statements of non-urgency, and demonstrate that Defendant has been receiving care for his eye conditions. Defendant does not contend that he suffers from any medical condition that places him at increased risk for complications due to

---

[2] At Defendant's facility, there are two active inmate and 33 active staff cases of COVID-19. https://www.bop.gov/coronavirus/ . (Accessed Oct. 30, 2020). Pollock USP houses 1094 inmates. https://www.bop.gov/locations/institutions/pol/ (accessed Oct. 30, 2020).

COVID-19.  At this juncture, the record does not demonstrate that Defendant's condition presents extraordinary and compelling reasons for early release.

  The Court empathizes with the difficulties that Defendant faces at this time, and does not minimize the attendant fears and risks related to COVID-19.  Nevertheless, compassion alone does not provide grounds for relief.  Defendant's Motion must be denied.

  AND NOW, this 30th day of October, 2020, IT IS SO ORDERED.

              BY THE COURT:

              *Donetta F. Ambrose*
              _____

              Donetta W. Ambrose
              Senior Judge, U.S. District Court