# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) |
| v. | ) CR 13-135 & 14-149 |
| | ) |
| CHARLES HOWARD III | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### Synopsis

The Defendant has filed a Motion to Vacate Plea Agreement pursuant to 28 U.S.C. § 2241. (ECF No. 87) He seeks to vacate his conviction and sentence under § 922(g)(1) as well as his plea agreement.[1] He bases his argument, in part, upon the decision rendered in *Rehaif v. United States*, __ U.S. __, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019).[2] The Defendant contends that his guilty plea was neither knowing nor intelligent because, in contravention of *Rehaif*, the Court did not inform him of these requirements. He also challenges the career offender enhancement to his sentence based upon the Supreme Court's decision in *Mathis v. United States*, 579 U.S. __, 136 S.Ct. 2243, 2253 (2016).

### Analysis

---

[1] The Defendant entered a guilty plea to violating 18 U.S.C. § 922(g)(1) and § 924(e) as well as to 21 U.S.C. § 841(a)(1). The Honorable Judge Maurice Cohill sentenced him to a term of imprisonment of 180 months followed by a term of supervised release. Approximately one year later, the Defendant filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 53 and 61) He claimed that his trial counsel was ineffective for various reasons, including failures to challenge the search of his home and vehicle, and to properly deal with his guilty plea, as well as having failed to challenge the Armed Career Criminal Act enhancements. This Court denied the Motion to Vacate and declined to issue a certificate of appealability. (ECF No. 69)

[2] In *Rehaif*, the defendant was charged with violating 18 U.S.C. § 922(g). The Supreme Court held that "the Government must prove that a defendant charged with violating § 922(g) knew both that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm." *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020).

1

(A) Jurisdiction

Although the Defendant seeks relief via a § 2241 habeas petition, typically, a challenge to the validity of a conviction or sentence is brought pursuant to 28 U.S.C. § 2255. "The exact interplay between § 2241 and 2255 is complicated …." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) After a conviction becomes final, "a federal prisoner generally may challenge the legality of his conviction of sentence only through a motion filed pursuant to § 2255." *Jackman v. Shartle*, 535 Fed. Appx. 87, 88-89 (3d Cir. 2013) (*citations omitted*). As previously detailed, the Defendant has already pursued relief, unsuccessfully, under § 2255. "A second or successive [§ 2255] motion must be certified … by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).   The Defendant has not taken this route. Rather, he seeks relief under § 2241. Relief under § 2241 typically relates to the manner in which a sentence is carried out. *See Cardona*, 681 F.3d at 535. (Section 2241 "confers jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but execution of his sentence.") (citations omitted). The Defendant's challenge does not relate to the execution of his sentence.

Significantly, § 2255 expressly prohibits a court from entertaining a § 2241 petition filed by a prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it appears that the remedy by § 2255 motion is inadequate or

ineffective to test the legality of his detention." *Horton v. Warden, FCI McKean*, Crim. No. 18-151, 2020 WL 1532289, at * 6 (W.D. Pa. March 31, 2020) (*citations and quotations omitted*). Our Court of Appeals explains that:

> The "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249-50 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of … § 2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *United States v. Brooks*, 230 F.3d 643, 648 (3d Cir. 2000) (*quoting United States ex rel. Leguillou Davis*, 212 F.2d 681, 684 (3d Cir. 1954) (*internal quotation marks omitted*). We have held that a § 2255 motion is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petition is otherwise barred from filing a second or successive § 2255 petition. *In re Dorsainvil*, 119 F.3d at 252.

*Jackman*, 535 Fed. Appx. at 89. Accordingly, where it "appears that the remedy by [a § 2255 motion] is inadequate or ineffective to test the legality of his detention," a defendant may utilize the "savings clause" set forth in § 2255(e). 28 U.S.C. §2255(e). See *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179 (3d Cir. 2017) ("[I]n the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review," a defendant "may seek another round of post-conviction review under § 2241.") Consequently, our Court of Appeals "permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct

3

that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision – in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review …. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3d Cir. 2017) (*internal quotation marks and citations omitted*).

After careful consideration, I find that the Defendant can avail himself of the "safety valve." Our Court of Appeals determined that "[t]he latter half of [the *Rehaif*] holding – that the government must prove that the defendant knew of his status a person prohibited from having a gun – announced a newly found element of the crime." *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020). Additionally, the Defendant satisfies the second requirement – he is otherwise barred from challenging the legality of the conviction under § 2255. He had no opportunity to raise his challenge in his initial § 2255 motion because *Rehaif* was decided after that motion was resolved. Further, because *Rehaif* addressed an issue of statutory interpretation, a successive § 2255 motion would be improvident. *See Boatwright v. Warden Fairton FCI*, 742 Fed. Appx. 701, 702-703 (3d Cir. 2018) (successive § 2255 motions based on new law must be based on new rules of constitutional law"). Consequently, I will permit the Defendant to proceed on his § 2241 petition and turn to a consideration of the merits. *See Guerrero v. Quay*, Crim. No. 20-39, 2020 WL 1330667, at * 3 (M.D. Pa. March 23, 2020); *Oscar v. Warden, USP- Allenwood*, Crim. No. 2020 WL 2193447, at * 2 (M.D. Pa. May 6, 2020).[3]

(B) Merits

---

[3] The Court will not, however, consider the Defendant's argument with respect to his claim under *Mathis*, 136 S.Ct. 2243 (2016). He has not established that such a claim is appropriate under § 2241.

Claims of actual innocence under "§ 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." *Bruce*, 868 F.3d at 184. "To succeed under that standard, a petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id., quoting, Bousley v. United States*, 523 U.S. 614, 623 (1998). "Actual innocence" means "factual innocence" rather than mere legal insufficiency. *Id*. In assessing actual innocence, a court is not bound by the rules of admissibility governing trials, but "must instead make its own determination in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id*. (*citations and quotation marks omitted*). As our Court of Appeals explains, "[w]ith this broader array of evidence in view, the district court does not exercise its independent judgment as to whether reasonable doubt exists; rather, the actual innocence standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id*. (*citations and quotation marks omitted*).

According to *Rehaif*, to secure a conviction under 18 U.S.C. § 922, the Government must establish that a defendant both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. That is, the Government "must prove that the defendant knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction." *Oscar*, 2020 WL 2193447, at * 3, *citing, Rehaif*, 139 S.Ct. at 2200. *See also, Moore v. United States*,

Crim. No. 19-19107, 2020 WL 6042254, at * 5 (D. N.J. Oct. 13, 2020) ("the Government must prove that the defendant knew that he or she had a prior conviction that was punishable by at least one year's imprisonment.") However, *Rehaif* "did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Id., quoting, United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). "The Supreme Court did not consider this obligation to be 'burdensome' and allows that such knowledge 'can be inferred from circumstantial evidence.'" *Moore*, 2020 WL 6042254, at * 5, *quoting, Rehaif*, 139 S.Ct. at 2198. Further, a court may "scan the entire record for facts supporting" the conviction. *See United States v. Ortiz*, 927 F.3d 868, 872-73 (5th Cir. 2019).

Having reviewed the Dockets at both 13-135 and 14-149, I find that the Defendant has not demonstrated that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. The Government must prove that the Defendant knew that he had a prior conviction which was punishable by at least one year's imprisonment. There can be no doubt that the Defendant knew he was a felon. In entering a plea of guilty at both Dockets, the Defendant stipulated to being a felon. (Docket No. 13-135 ECF No. 35; Docket No. 14-149, Docket No. 4) The Defendant's stipulation "renders him ineligible for habeas relief under § 2241." *Guerrero*, 2020 WL 1330667, at * 4 (rejecting a § 2241 petition for relief under *Rehaif* where the petitioner had stipulated at trial to a prior felony conviction), *citing, United States v. Denson*, 774 Fed. Appx. 184, 185 (5th Cir. 2019) (finding that a defendant who plead guilty to violating §922(g) was not entitled to relief under *Rehaif*

6

because he stipulated to being a felon); *Alexander v. Entzel*, No. 1:19-cv-1301, 2020 WL 1068060, at * 2-3 (C.D. Ill. Mar. 5, 2020) (denying *Rehaif* claim raised in §2241 petition because petitioner had stipulated at trial that he was a felon and, therefore, the prosecution showed that petitioner had that knowledge); and *Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207, at * 1-3 (E.D. Ky. Jan 7, 2020) (concluding same). Moreover, he had been convicted of four felony offenses in Pennsylvania state court, all of which were crimes punishable by terms of imprisonment of more than one year. (Docket No. 13-135 ECF No. 1; Docket No. 14-149, ECF No. 1) Further, he has received an actual combined sentence on those charges of more than 5 years' imprisonment. *See Burks v. United States*, No. 19-cv-16331, 2020 WL 6144730, at *4 (D. N.J. Oct. 20, 2020) (denying relief under § 2255 based upon *Rehaif* where the petitioner had two prior multi-year sentences); *Moore v. United States*, No. 19-cv-191072020 WL 6042254, at * 6 (D. N.J. Oct. 13, 2020) (denying 2255 relief under Rehaif where the defendant had previously served more than four and a half years' imprisonment for convictions in state court). And the Defendant did not dispute the accuracy of the presentence report's description of his criminal history. (Docket No. 13-135, ECF No. 41; Docket No. 14-149, ECF No. 12). *See United States v. Johnson*, 979 F.3d 632, 639 (9th Cir. 2020).

    In light of these findings, the Defendant is not entitled to relief under *Rehaif* and his § 2241 petition will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 13-135 &14-149 |
| ) | |
| vs. ) | |
| ) | |
| CHARLES HOWARD III, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, United States Senior District Judge

## ORDER OF COURT

AND now, this 11th day of June, 2021, upon consideration of the Defendant's Motion to Vacate (Docket No. 13-135, ECF No. 87), said Motion is denied.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

8